GIBBONS, Circuit Judge,
dissenting in part.
I agree with that part of the majority’s decision affirming the district court’s decision to grant summary judgment in favor of Sheriff Karnes, the Franklin County Commissioners, and EMSA. I also agree that Johnson has satisfied the objective component of the test governing his claim *878 for the deprivation of adequate medical care, because he has alleged a medical need that is “sufficiently serious” for purposes of this claim. See Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir.2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). However, I disagree with that part of the majority’s opinion (specifically, Part II.B.l.b.(ii)) that holds that Johnson has demonstrated a genuine issue of material fact as to the subjective component of the adequate medical care test. Contrary to the majority’s conclusions, Johnson did not show sufficient evidence such that a jury could have reasonably found in his favor on his Eighth Amendment claim.
The majority states that “the medical request forms Johnson filled out stating that his tendons were severed, together with Dr. Spagna’s testimony about the circumstances under which information on the medical status of inmates would be conveyed to him, were sufficient to establish a genuine issue of material fact as to Dr. Spagna’s knowledge of Johnson’s fully severed tendons.” This is incorrect. The mere fact that Spagna described “the circumstances under which information on the medical status of inmates would be conveyed to him” does not at all bear on the issue of whether Spagna actually knew of any risk to Johnson’s health. After all, Spagna testified that he would not see these forms unless nursing personnel passed them along to him. There is no evidence indicating that nursing personnel had in fact passed Johnson’s forms along to Spagna. Spagna testified that he had not seen them. Without any basis in the record, the majority explicitly suggests that Spagna was lying. Even if Johnson’s forms conveyed “obvious urgency,” this urgency would not by itself mean that a jury could reasonably infer that Spagna knew of Johnson’s injury, contrary to the majority’s intimations. In fact, the evidence indicates that Spagna was responsive to Johnson’s medical needs, as Spagna saw them. He arranged to make an appointment for Johnson with a plastic surgeon per the after-care instructions given by the hospital that had originally seen Johnson. He also testified that he consulted with an orthopedist when Johnson’s appointment was delayed to ensure that the time frame for Johnson’s treatment was acceptable.
The majority cites no relevant evidence to support its suggestion that there was a genuine issue of material fact as to whether Spagna knew of and disregarded the risk in delaying Johnson’s medical care. For example, the majority points out that Dr. Song was unable to remember whether he spoke with Spagna about Johnson, but it does not explain how this is a basis for finding that Spagna knew of and disregarded a risk of serious harm to Johnson. Likewise, the fact that Lottes described the risks inherent in delayed tendon surgery in her affidavit says nothing about whether Spagna knew of and recklessly disregarded a substantial risk of serious harm to Johnson.
The majority recognizes that a “plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment.” Id. at 703. Even though Johnson makes no such showing, the majority nonetheless finds that Johnson met his burden. “When a prison doctor provides treatment, albeit carelessly or ineffi-caciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner’s needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.” Id. Spagna may or may not have performed negligently or incompetently, but no reasonable juror could find that he violated Johnson’s constitutional rights, at least not on the evidence produced in connection with the summary judgment motion. In sum, the district court was correct in its *879 conclusion that “no evidence” existed to suggest that Dr. Spagna knew that Johnson’s tendons were completely severed.
For these reasons, the facts of this case do not support the majority’s determination that Johnson presented evidence sufficient to demonstrate that Spagna “subjectively perceived a risk of harm and then disregarded it.” Id. While I agree with the majority that the district court did not err in granting summary judgment to Sheriff Karnes, the Franklin County Commissioners, and EMSA, I would also affirm the district court’s judgment with respect to Spagna.